Honorable Rudolf A. Norman Chairman Central New York Regional Transportation Authority
Your counsel has asked us for an opinion whether the Central New York Regional Transportation Authority ("the Authority") may enter into a "joint service arrangement", within the meaning of Public Authorities Law, § 1326, with the County of Cortland for omnibus service outside the Authority's district.
Your counsel notes that our informal opinion of August 20, 1974 has been interpreted to state that the Authority could enter into a joint service arrangement for omnibus service outside the district only with common carriers, and requests us to reconsider that opinion.
The portion of our informal opinion so referred to is taken out of context. When the opinion is viewed in its entirety, it becomes clear that the term "carriers" was used only as shorthand for a string of entities with which the Authority may enter into joint service arrangements: "any common carrier or freight forwarder, the state, any state agency, the federal government, any other state or agency or instrumentality thereof, any public authority of this or any other state, or any political subdivision or municipality of the state" in connection with transportation located either within or outside the district (Public Authorities Law, § 1326 [15]).
The question posed in 1974 was whether the Authority could withdraw from providing a charter bus service without running afoul of the State's antitrust act (General Business Law, §§ 340-347, the "Donnelly Act"). The concern was that since the charter service competed with private charter operators, withdrawal might create monopolistic conditions. We concluded that there would be no violation of the Donnelly Act.
The opinion also addressed the question whether the Authority could bid on charter bus runs outside of the area of the Authority's jurisdiction. The opinion construed Public Authorities Law, § 1326, subd 19 to allow the Authority to render charter services only within its district, except under a joint service arrangement.
The identity of the entity with which the Authority could contract for such a joint service arrangement was in no way in issue before the Attorney General at that time.
Under the definitions in section 1326, the Authority may enter into a joint service arrangment with a municipality outside the district whereby the Authority would provide bus service between the municipality and a large city within the district in return for, say, the municipality's providing garage facilIties and a bus station and sharing in any "losses" suffered as a result of adding the run. (See section 1332 [8] of the Public Authorities Law and section 98-b of the General Municipal Law.)
This reading of the definitions is supported by other provisions of the act creating your district. The act made this legislative finding among others:
 "B. The strengthening and improvement of transportation and related services for the residents of the central part of the state and more particularly the growing counties of Cayuga, Cortland, Jefferson, Madison, Oneida, Onondaga and Oswego is a matter of vital importance." (L 1970, ch 714, § 1.)
This indicates a legislative assumption that your Authority could reach out beyond even the seven-named counties. (We note that of the seven-named counties, only Cayuga and Oswego Counties have joined Onondaga County in membership in the district as provided for in Public Authorities Law, § 1327.)
Among your special powers is one to acquire "any transportation facility, including port or related facilities wholly or partially within the transportation district" (§ 1332 [1]). (The "wholly or partially" phrase clearly modifies both "facility" and "facilities". See section 1266 [1] [Metropolitan Transportation Authority] and section 1299-f [1] [Niagara Frontier Transportation Authority], neither of which contains the "including" phrase.) The Legislature is not likely to grant power to acquire a railroad with trackage outside the "district" yet intend to restrict bus service within the district.
We conclude that the Authority may enter into joint service arrangements under which bus service is provided to a location outside the district. The arrangement may be entered into with another carrier, a county goverment, or any other entity specified in the definition of "joint service arrangement".